IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| BRENDA L. WHITE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 22-1009-BAH |
| SHERATON HOTEL NORTH, BELTSVILLE, MD, ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Brenda L. White ("White"), proceeding pro se, brought suit against "Sheraton Hotel North, Beltsville, MD," ("Sheraton") in the United States District Court for the Southern District of Indiana. ECF 1 (complaint). The case was later transferred to the District of Maryland, *see* ECF 9, and Plaintiff filed an amended complaint naming Marriott International Hotels ("Marriott") as the defendant, ECF 24. Pending before the Court is Marriott's motion to dismiss for failure to state a claim (the "Motion"). ECF 26. Attached to the Motion is an affidavit of Jack Tamburello on behalf of Marriott. ECF 26-1.[1] White filed an opposition. ECF 28. Marriott replied. ECF 29. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Marriott's Motion is **GRANTED**.

## I.    BACKGROUND

In her original complaint against Sheraton, White's statement of claim reads in its entirety:

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

> An employee caused me to fall off treadmill during my stay.  He stormed into the exercise room[,] slamming the door against the wall[,] rushing upon me[,] yelling[, and] causing me to fall off machine injur[]ing my shoulder and reinjuring my back.
>
> Provided unsafe and hostile and hazardous environment and violent atmosphere for my son and me.
>
> Unwelcomed.

ECF 1, at 5.  White requested "$200,000 in damages because of injuries and emotional and physical stress." *Id.*  She also explained that "[h]e [the employee] walked away leaving me without any care. Breach of trust." *Id.*  After the case was transferred to this Court, Judge Boardman ordered White to show cause why the case should not be dismissed for failure to prosecute.  ECF 21.  In response, White explained that she had difficulty determining the owner of the hotel where she alleges she suffered the injuries.  ECF 22.  Judge Boardman then directed White to file an amended complaint naming the correct defendants she wished to sue.[2]  ECF 23.  White did so; however, the amended complaint does not contain any factual allegations.  *See* ECF 24.  It states that White "desires to file an Amended Complaint against 'Marriott International Hotels . . .' which by research, [c]urrently shows to be the owner of 'Sheraton Hotel North . . .'" in Beltsville, Maryland.[3]  *Id.*  To this amended complaint, White attached a summons and United States Marshal service of process form for service on Marriott.  *See* ECF 24-1.

Marriott filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6).  ECF 26.  Marriott asserts that even liberally construing White's complaint and amended complaint,

---

[2] This case was later reassigned to the undersigned.

[3] It is not entirely clear whether White intended for Marriott to replace Sheraton as the defendant. In the amended complaint, she indicates an intent to file the amended complaint only against Marriott. *See* ECF 24.  However, her subsequent filings still list Sheraton in the case caption.  *See* ECF 28.  Regardless, the outcome is the same as White's entire complaint will be dismissed as time-barred under Maryland's statute of limitations.

2

she has not sufficiently pled a claim for relief and that Marriott is not a proper defendant to the suit. *Id.* at 3–4. Marriott attached an affidavit of Jack Tamburello in support of its assertion that Marriott "does not own the Hotel." ECF 26, at 4 (citing ECF 26-1). Rather, Marriott "is a franchisor of various hotels, including the subject Hotel," "had no control over the Hotel, its employees, its operations, or the facilities therein," "had no ownership interest in the Hotel," and "owed no duty to" White. *Id.* (citing ECF 26-1). White's response in opposition includes more details about the allegations. *See* ECF 28. She explains that "[i]n 2011, [she] visited the Defendant locations as a spring break trip for [her] son." *Id.* at 1. She reiterates that while using a treadmill in the hotel gym, "an employee made [her] fall off of the treadmill" and failed to help render medical support. *Id.* As a result, she suffered injuries requiring her to seek care such as acupuncture and physical therapy. *Id.* In reply, Marriott reasserts that it is an improper defendant and that White has failed to state a claim. ECF 29. Further, it advances that if the Court were to consider the new facts in White's opposition, the action must be dismissed as barred by the statute of limitations. *Id.* at 1.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because White brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

### III. ANALYSIS

The Court construes White's claim as being one for negligence. In Maryland,[4] "[t]o state a cause of action 'based in negligence, . . . a plaintiff must prove the existence of a duty owed by a defendant to [the plaintiff] (or to a class of which [the plaintiff] is a part), a breach of that duty,

---

[4] A federal court sitting in diversity applies the substantive law of the state in which it sits. *Megaro v. McCullum*, 66 F.4th 151, 159 n.4 (4th Cir. 2023) (citing *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599–600 (4th Cir. 2004)). The Court's jurisdiction over this case is based in diversity, as White is a citizen of Indiana, *see* ECF 1, at 2, and, according to White, Marriott is a citizen of Maryland, *see* ECF 24, at 1. Further, White seeks over $75,000 in damages, so she has met the requirements to establish this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. As the alleged tort occurred in Maryland, applying Maryland law is also appropriate under Maryland's choice of law rules. *See Lewis v. Waletzky*, 576 F. Supp. 2d 732, 735 (D. Md. 2008), *aff'd*, 475 F.App'x 906 (4th Cir. 2012). Accordingly, the Court applies Maryland tort law in considering the present motion.

a legally cognizable causal relationship between breach of duty and the harm suffered, and damages.'" *Hancock v. Mayor & City Council of Baltimore*, 281 A.3d 186, 195 (Md. 2022) (quoting *Perry v. Asphalt & Concrete Servs., Inc.*, 133 A.3d 1143, 1155 (Md. 2016)) (internal quotation marks omitted). Maryland courts have "recognized consistently the doctrine of *respondeat superior*, as 'it is hornbook law that an employer is ordinarily responsible for the tortious conduct of his employee committed while the servant was acting within the scope of the employment relationship.'" *Barclay v. Briscoe*, 47 A.3d 560, 567 (Md. 2012) (quoting *Embrey v. Holly,* 442 A.2d 966, 969 (Md. 1982)). Whether or not a tortfeasor was acting within the scope of his employment at the time of a tort is typically a jury question, except where there is no factual dispute. *See id.* at 568. In such cases, "the question is one of law for the court." *Sheets v. Chepko,* 573 A.2d 413, 414 (Md. App. 1990) (quoting *Rusnack v. Giant Food, Inc.*, 337 A.2d 445, 454 (Md. App. 1975)).

Regardless of whether the facts White has pled are sufficient to state a negligence claim against Marriott (or Sheraton, *see supra* note 3), the complaint must be dismissed as it is barred by the statute of limitations. In Maryland, a civil tort action for damages must generally be brought "within three years from the date it accrues." Md. Code Ann., Cts. & Jud. Proc. § 5-101. "[T]he cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981). "A plaintiff's knowledge of the 'nature' and 'cause' of the injury triggers the running of the limitations period." *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 723 (D. Md. 2014) (citing *Dashiell v. Meeks*, 913 A.2d 10, 21 (Md. 2006); *Frederick Road Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 973 (Md. 2000)).

A statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1) (listing "statute of limitations" as an "avoidance or affirmative defense" that must be "affirmatively

state[d]" in a responsive pleading). As such, "the defendant generally bears the burden of affirmatively pleading its existence." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006). Typically, the Court should only grant a motion to dismiss based on the statute of limitation having run if "it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run." *Green v. Pro Football, Inc.*, 31 F. Supp. at 722 (quoting *Litz v. Md. Dep't of Env't*, 76 A.3d 1076, 1086 (Md. 2013)).

Neither White's complaint nor her amended complaint contain the date of the incident she alleges occurred. *See generally* ECFs 1 and 24. However, White's opposition to the motion to dismiss clarifies that it occurred in 2011. *See* ECF 28, at 1. Typically, a party cannot amend a complaint through briefing. *See* Fed. R. Civ. P. 15 (explaining the ways in which a litigant may amend a pleading). However, this Court has routinely considered facts presented in a self-represented litigant's brief, especially if those facts only support existing claims and do not add new ones. *See Bahrampour v. Dep't of the Army*, Civ. No. 22-710-JRR, 2023 WL 200115, at *3 (D. Md. Jan. 15, 2023); *Balthrop v. Montgomery Cnty.*, Civ. No. GLS-21-1107, 2022 WL 3867939, at *3–4 (D. Md. Aug. 30, 2022); *Johnson v. United Parcel Serv., Inc.*, Civ. No. JKB-19-1916, 2020 WL 231379, at *4 (D. Md. Jan. 15, 2020); *Arije v. Pointcross Life Scis.*, Civ. No. JKB-18-3119, 2019 WL 652426, at *3 (D. Md. Feb. 15, 2019); *Dobson v. Harnden Grp. LLC*, Civ. No. JKB-18-3624, 2019 WL 1242527, at *2 n.2 (D. Md. Mar. 18, 2019); *Higgs v. Airframe Modification Prof'l Mechs., Inc.*, Civ. No. JKB-10-2379, 2011 WL 1637637, at *2 (D. Md. Apr. 29, 2011); *Rush v. Am. Home Mortg., Inc.*, Civ. No. WMN-07-0854, 2009 WL 4728971, at *3 (D. Md. Dec. 3, 2009). As such, the Court may properly consider White's assertion that the allegedly tortious act by the hotel employee occurred in 2011 in considering the motion to dismiss.

Here, White's claim accrued on the date of the alleged tort—sometime in 2011—as that is when she knew of both the nature and cause of the injury. Thus, any claim for damages resulting from the employee's allegedly tortious act should have been brought no later than 2014. White filed the instant suit in the Southern District of Illinois on January 4, 2021—well after the statute of limitations had run. *See* ECF 1. White's complaint, therefore, must be dismissed as time barred.

## IV.   **CONCLUSION**

For the foregoing reasons, Marriott's motion to dismiss, ECF 26, is GRANTED. A separate implementing Order will issue.

Dated: July 26, 2024                                    /s/
                                                        Brendan A. Hurson
                                                        United States District Judge