IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA L. WHITE,

   Plaintiff,

v.

SHERATON HOTEL NORTH, BELTSVILLE, MD, ET AL.,

   Defendants.

Civil No. 22-1009-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

Pending before the Court is pro se Plaintiff Brenda L. White's ("Plaintiff's") "request [that the] case be reopen[ed]." ECF 37. The Court construes this as a motion to reconsider its July 26, 2024, memorandum opinion and order dismissing this case as untimely filed. *See* ECF 35 (memorandum opinion); ECF 36 (implementing order). Motions to reconsider final judgments are governed by Fed. Rs. Civ. P. 59(e) or 60(b). If filed within twenty-eight days of the Court's order, the motion is to be construed as one under Rule 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)); *see Due Forni LLC v. Euro Rest. Sols., Inc.*, Civ. No. PWG-13-3861, 2014 WL 5797785, at \*1 (D. Md. Nov. 6, 2014). Here, Plaintiff filed the motion to reopen twenty-four days after the Court's granting the motion to dismiss, so it is properly considered under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The

grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

As the memorandum opinion explained, Plaintiff's filings made clear that the allegedly tortious act at the center of this case occurred in 2011, and she filed suit in 2021. ECF 35, at 7. Thus, Plaintiff brought her claim well after Maryland's three-year statute of limitations had run. *Id.* Plaintiff's motion to reopen rephrases the description of the allegedly tortious act but does not address the timing of the act. *See* ECF 37, at 1–2. Thus, nothing in the motion disturbs the basis for the dismissal—that the suit is barred by the statute of limitations. Plaintiff has not argued that any of the criteria for reconsideration are present here. As such, her motion will be denied.

Accordingly, it is this 30th day of August 2024, ORDERED that:

(1) Plaintiff's motion to reopen, construed as a motion for reconsideration, ECF 37, is DENIED;

(2) The Clerk is directed to CLOSE this case and MAIL a copy of this order and the accompanying memorandum opinion to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge